10 CIV 6451

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Rachel Bien
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ARTURO REYES, DANIEL MERINO, and JOSE ARENAS, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>-against-<br><br>**ALTAMAREA GROUP, LLC, ALTO 53, LLC d/b/a ALTO, and CHRIS CANNON,**<br><br>**Defendants.** | **CLASS ACTION COMPLAINT** |

Plaintiffs, Arturo Reyes, Daniel Merino, and Jose Arenas (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

### NATURE OF THE ACTION

1.      This lawsuit seeks to recover misappropriated tips, minimum wages, spread-of-hours pay, and uniform-related expenses for Plaintiffs and similarly situated hourly food service workers, including, but not limited to, assistants (servers), captains, bussers, and runners, who work or worked at Alto, an upscale Italian restaurant, located at 11 East 53rd Street in New York City.

2.      Alto, along with several other restaurants, including Marea and Convivio, are

owned and/or operated by restaurateur Chris Cannon and chef Michael White.  Since 2006, when Cannon asked White to take over the kitchens of Alto and Convivio (then called L'Impero), the two have swiftly built an empire of high-end Italian restaurants that will soon expand to include two new restaurants, Osteria Morini and Ai Fiori.

3.      In addition to earning critical acclaim, including glowing reviews in the New York Times, Cannon's and White's restaurants have earned them millions.  Marea, which opened in 2009, reportedly grossed $13.5 million in its first year, notwithstanding the recession.

4.      This lawsuit alleges that, despite their great success, which Cannon and White achieved on the backs of their waitstaff, they required their waitstaff to share their hard-earned tips with tip ineligible workers, including the General Manager of Alto, that they unlawfully took a tip credit and paid less than the full minimum wage, that they denied their waitstaff spread-of-hours pay, and that they required them to purchase and launder required uniforms.

5.      Plaintiffs bring this action as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

6.      Plaintiffs also bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 to remedy Defendants' violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

## THE PARTIES

### Plaintiffs

**Arturo Reyes**

7.      Plaintiff Reyes is an adult individual who is a resident of Queens, New York.

8.      Reyes has been employed by Defendants as an assistant, an hourly food service worker, at Alto from approximately June 2009 through the present.

9.      Reyes is a covered employee within the meaning of the FLSA and NYLL.

10.     Reyes's written consent to join form is attached hereto as Exhibit A.

**Daniel Merino**

11.     Plaintiff Merino is an adult individual who is a resident of Queens, New York.

12.     Merino has been employed by Defendants as a busser, an hourly food service worker, from approximately November 2007 through the present.

13.     Merino is a covered employee within the meaning of the FLSA and NYLL.

14.     Merino's written consent to join form is attached hereto as Exhibit A.

**Jose Arenas**

15.     Plaintiff Arenas is an adult individual who is a resident of Queens, New York.

16.     Arenas has been employed by Defendants as a runner, an hourly food service worker, at Alto from approximately April 2005 through the present.

17.     Arenas is a covered employee within the meaning of the FLSA and NYLL.

18.     Arenas's written consent to join form is attached hereto as Exhibit A.

### Defendants

19.     Defendants Altamarea Group, LLC, Alto 53, LLC, and Chris Cannon operate as part of a single integrated enterprise that employed and/or jointly employed Plaintiffs and

3

similarly situated employees at all times relevant.  Upon information and belief, each Defendant has had substantial control over Plaintiffs' working conditions, and over the unlawful policies and practices alleged herein.

20.     During all relevant times, Defendants have been Plaintiffs' employers and/or joint employers within the meaning of the FLSA and NYLL.

21.     Cannon is the Operating Partner and Owner of Alto, Convivio, and Marea restaurants.

22.     Defendants' operations are interrelated and unified.

23.     A single website connects all of the restaurants owed by Cannon. *See* http://www.altamareagroup.com.

24.     During all relevant times, Defendants have had control over, and the power to change compensation practices at Alto.

25.     During all relevant times, Defendants have had the power to determine employee policies at Alto, including, but not limited to, compensation policies.

**Altamarea Group, LLC**

26.     Together with the other Defendants, Altamarea Group, LLC ("Altamarea") has owned and/or operated Alto during the relevant period.

27.     Upon information and belief, Altamarea is the corporate umbrella for the restaurants owned by Cannon and White, including Alto, Marea, and Convivio.

28.     Altamarea is a domestic limited liability company organized and existing under the laws of New York.

29.     Altamarea principal executive office is located in New York City.

30.     Altamarea is a covered employer within the meaning of the FLSA and NYLL,

and, at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs and similarly situated employees.

31.     Upon information and belief, at all times relevant, Altamarea's annual gross volume of sales made or business done was not less than $500,000.00.

**Alto 53, LLC**

32.     Together with the other Defendants, Alto 53, LLC ("Alto 53") has owned and/or operated Alto during the relevant period.

33.     Alto 53 is a domestic business corporation organized and existing under the laws of New York.

34.     Alto 53's principal executive office is located in New York City.

35.     Alto 53 is a covered employer within the meaning of the FLSA and NYLL, and, at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs and similarly situated employees.

36.     Alto 53 is the entity printed on Plaintiffs' paystubs.

37.     Upon information and belief, at all times relevant, Alto 53's annual gross volume of sales made or business done was not less than $500,000.00.

**Chris Cannon**

38.     Upon information and belief, Defendant Chris Cannon ("Cannon") is a resident of New Jersey.

39.     At all relevant times, Cannon has owned and/or operated Alto.

40.     Upon information and belief, at all times relevant, Cannon has had power over personnel decisions at Alto, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

41.     Upon information and belief, at all relevant times, Cannon has had power over compensation decisions at the Restaurants, including the power to retain time and/or wage records.

42.     Upon information and belief, Cannon is actively involved in managing day to day operations at Alto.

43.     Upon information and belief, at all times relevant, Cannon has also had the power to stop any illegal pay practices that harmed Plaintiffs.

44.     Cannon is a covered employer within the meaning of the FLSA and NYLL, and at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

## JURISDICTION AND VENUE

45.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

46.     Plaintiffs' state law claims are so closely related to their claims under the Fair Labor Standards Act that they form part of the same case or controversy under Article III of the United States Constitution.

47.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

48.     At least one member of the proposed class is a citizen of a state different from that of at least one Defendant.

49.     Upon information and belief, all Defendants are subject to personal jurisdiction in New York.

50.     Upon information and belief, the amount in controversy in this matter exceeds the sum or value of $5,000,000.00, exclusive of interest and costs.

51.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

52.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b)(2) because the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

53.     Plaintiffs bring the First Cause of Action, FLSA claim, on behalf of themselves and all similarly situated hourly food service workers, including, but not limited to, assistants, captains, bussers, and runners who work or worked at Alto and who elect to opt-in to this action (the "FLSA Collective").

54.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs.  Upon information and belief, there are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.  Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

55.     Plaintiffs bring the Second, Third, and Fourth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All hourly food service workers, including assistants, captains, bussers, and runners who work or have worked at Alto between August 30, 2004 and the date of final judgment (the "Rule 23 Class").

56.     Excluded from the Rule 23 Class are Defendants, Defendants' legal

representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

57.     The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

58.     The size of the Rule 23 Class is at least 100 individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

59.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

60.     Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    (a)     Whether Defendants violated NYLL Article 6, §§ 190 *et seq.,* and Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 137, as alleged herein;

    (b)     Whether Defendants misappropriated tips from Plaintiffs and the Rule 23 Class by demanding, handling, pooling, counting, distributing, accepting and/or retaining tips voluntarily paid by customers;

    (c)     Whether Defendants distributed a portion of the tips paid by its customers to workers who are not entitled to receive tips under the NYLL;

    (d)     Whether Defendants failed to provide Plaintiffs and the Rule 23 Class spread-of-hours pay as required by the NYLL;

(e)     Whether Defendants made unlawful deductions from the wages of Plaintiffs and the Rule 23 Class by failing to pay Plaintiffs and Rule 23 Class for required uniforms and uniform-related expenses;

(f)     Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(g)     The nature and extent of class-wide injury and the measure of damages for those injuries.

61.     The claims of Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent.  Plaintiffs and all the Rule 23 Class members work, or have worked, for Defendants as hourly food service employees at Alto.  Plaintiffs and the Rule 23 Class members enjoy the same statutory rights under the NYLL to retain all of the tips they earn, to be paid spread-of-hours pay, tips, and to be reimbursed for required uniforms and compensations for uniform-related expenses.  Plaintiffs and Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.  Plaintiffs and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

62.     Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class members.  Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between the Plaintiffs and the Rule 23 Class members.

63.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violation of the NYLL as well as their common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the

expense and burden of individual prosecution of this litigation.  The individual Plaintiffs lack the financial resources to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

64.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

65.     Defendants' violations of the law have been willful and intentional.

66.     In or around May 2010, Plaintiff Reyes complained to Defendant Cannon that the distribution of tips to the General Manager and to other tip ineligible workers was unlawful.

67.     In response, Defendant Cannon acknowledged that such distribution was unlawful, but told Reyes words to the effect that, if he had a problem with it, he should file a lawsuit.

68.     Notwithstanding Defendant Cannon's admission, the restaurant has not changed its policy of distributing a portion of the tips to tip ineligible workers.

## PLAINTIFFS' FACTUAL ALLEGATIONS

69.     Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiffs individually as follows:

**Arturo Reyes**

70.     Defendants failed to inform Reyes of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m).

71.     Defendants failed to pay Reyes at the proper minimum wage rate for the hours that he was suffered or permitted to work each workweek.

72.      Defendants distributed approximately 4% of the tips that Reyes and other tipped workers earned each shift to tip ineligible workers, including, but not limited to, the General Manager, Patrick Garrivier.

73.      Defendants failed to pay Reyes spread-of-hours pay at the minimum wage rate when he worked days of more than ten hours.

74.      Defendants failed to reimburse Reyes for the jacket that they required him to wear and did not provide him with statutory weekly compensation for the maintenance of such uniform.

**Daniel Merino**

75.      Defendants failed to inform Merino of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m).

76.      Defendants failed to pay Merino at the proper minimum wage rate for the hours that he was suffered or permitted to work each workweek.

77.      Defendants distributed approximately 4% of the tips that Merino and other tipped workers earned each shift to tip ineligible workers, including, but not limited to, the General Manager, Patrick Garrivier.

78.      Defendants failed to pay Merino spread-of-hours pay at the minimum wage rate when he worked days of more than ten hours.

79.      Defendants failed to reimburse Merino for the jacket that they required him to wear and did not provide him with statutory weekly compensation for the maintenance of such uniform.

**Jose Arenas**

80.     Defendants failed to inform Arenas of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m).

81.     Defendants failed to pay Arenas at the proper minimum wage rate for the hours that he was suffered or permitted to work each workweek.

82.     Defendants distributed approximately 4% of the tips that Arenas and other tipped workers earned each shift to tip ineligible workers, including, but not limited to, the General Manager, Patrick Garrivier.

83.     Defendants failed to pay Arenas spread-of-hours pay at the minimum wage rate when he worked days of more than ten hours.

84.     Defendants failed to reimburse Arenas for the jacket that they required him to wear and did not provide him with statutory weekly compensation for the maintenance of such uniform.

**FIRST CAUSE OF ACTION**

**Fair Labor Standards Act – Minimum Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

85.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

86.     Defendants failed to pay Plaintiffs and the members of the FLSA Collective the minimum wages to which they are entitled under the FLSA.

87.     Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

88.    At all times relevant, Plaintiffs and the members of the FLSA Collective were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

89.    At all times relevant, Plaintiffs and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

90.    At all times relevant, Defendants have been employers and/or joint employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

91.    Defendants were required to pay directly to Plaintiffs and the members of the FLSA Collective the full minimum wage rate for all hours worked.

92.    Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 203(m), and supporting federal regulations, including but not limited to 29 C.F.R. § 531.50 *et seq.*, because Defendants failed to inform Plaintiffs and the members of the FLSA Collective of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m) and distributed a portion of their tips to workers who do not "customarily and regularly" receive tips.

93.    Upon information and belief, Defendants failed to post and keep posted in a conspicuous place on their premises a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U.S. Department of Labor, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. § 516.4.

94.    As a result òf Defendants' violations of the FLSA, Plaintiffs and the members of the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts,

liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

95.    Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.   Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

96.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION

### New York Labor Law Article 6 – Unlawful Tip Retention
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

97.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

98.    At all times relevant, Plaintiffs and the members of the Rule 23 Class have been employees within the meaning of NYLL §§ 190, *et seq.*, and any supporting New York State Department of Labor regulations.

99.    At all times relevant, Defendants have been an employer within the meaning of NYLL §§ 190, *et seq.*, and any supporting New York State Department of Labor regulations.

100.    At all times relevant, each Defendant has been an employer, agent, and/or an officer within the meaning of NYLL § 196-d and any supporting New York State Department of Labor regulations.

101.    The wage payment provisions of Article 6 of the NYLL and any supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiffs and the

members of the New York Class.

102.     Defendants violated NYLL Article 6, § 196-d by unlawfully demanding, collecting, receiving, retaining, pooling, handling, counting, and holding tips paid by customers and distributing a portion of such tips to workers who are not entitled to tips under the NYLL.

103.     Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION

**New York Labor Law – Spread-of-Hours**
**(Brought on behalf of all Plaintiffs and the members of the Rule 23 Class)**

104.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

105.     Defendants have willfully failed to pay Plaintiffs and the Rule 23 Class Members additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than 10 hours.

106.     By Defendants' failure to pay Plaintiffs and the Rule 23 Class Members spread-of-hours pay, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

107.     Due to Defendants' violations of the NYLL, Plaintiffs and the Rule 23 Class Members are entitled to recover from Defendants their wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION

**New York Labor Law – Uniform Violations**
**(Brought on behalf of all Plaintiffs and the Rule 23 Class)**

108.     Plaintiffs reallege and incorporate by reference all allegations in all preceding

paragraphs.

109.    Defendants failed to pay the Plaintiffs and the members of the Rule 23 Class the full amount of their wages as a result of deductions for uniform-related expenses in violation of NYLL Article 6, § 193 and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 137-2.5.

110.    Defendants required Plaintiffs and the Rule 23 Class to purchase required uniforms and failed to reimburse them for the cost of such required uniforms.

111.    Defendants also failed to launder or maintain the uniforms that they required Plaintiffs and the Rule 23 Class Members to wear and failed to pay them the required weekly amount for such laundering and maintenance.

112.    Due to Defendants' violations of the NYLL, Plaintiffs and the Rule 23 Class Members are entitled to recover from Defendants the costs of the required uniforms, their unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs, individually and on behalf of all other similarly situated persons, seek the following relief:

A.      That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as hourly food service workers, including assistants, captains, runners, and bussers, at Alto.  Such notice shall inform them that this civil action has been filed, of the nature of the

action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid minimum wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Unpaid spread-of-hours pay, misappropriated tips, and uniform-related pay pursuant to NYLL Article 6, §§ 190 *et seq.* and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

D.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E.      Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

F.      Pre-judgment interest and post-judgment interest;

G.      An injunction requiring Defendants to pay all statutorily required wages pursuant to the NYLL;

H.      Reasonable attorneys' fees and costs of the action;

I.      Such other relief as this Court shall deem just and proper.

Dated: August 30 , 2010
       New York, New York

                        Respectfully submitted,

                        *Rachel Bien*
                        Rachel Bien

                        **OUTTEN & GOLDEN LLP**
                        Justin M. Swartz
                        Rachel Bien

3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

*Attorneys for Plaintiffs and
the putative Class and Collective*

# EXHIBIT A

## CONSENT FORM / FORMULARIO DE CONSENTIMIENTO

I consent to be a party plaintiff in a lawsuit against Chris Cannon, Alto restaurant, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I authorize Outten & Golden LLP to represent me. I also consent to be a party plaintiff in any similar action against Chris Cannon, Alto restaurant, and/or related entities and individuals.

By signing and returning this consent form, I designate Outten & Golden LLP to represent me and make litigation decisions on my behalf. I understand that reasonable costs expended by Outten & Golden LLP on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that Outten & Golden LLP will petition the Court to award them attorneys' fees from any settlement or judgment in the amount of the greater of: (1) their "lodestar" amount, calculated by multiplying their reasonable hourly rates by the number of hours expended on the lawsuit, or (2) thirty-three percent (33%) of the gross settlement or judgment amount.

*(Spanish translation)*

Doy mi consentimiento para ser parte de una demanda en un juicio contra Chris Cannon, Alto restaurant, y/o entidades o individuos relacionados con el fin de obtener reparación por las violaciones de la Ley de Normas Razonables del Trabajo (*Ley de las Normas Laborales Justas*), de conformidad con 29 USC § 216 (b). Le doy autorización a Outten & Golden LLP para que me representen. Yo también doy mi consentimiento para ser parte demandante en cualquier acción similar contra Chris Cannon, Alto restaurant, y/o entidades o individuos relacionados.

Al firmar y devolver este formulario de consentimiento, yo designo Outten & Golden LLP y para representarme y tomar decisiones de litigios en mi nombre. Entiendo que los costos razonables desembolsados por Outten & Golden LLP en mi favor se deducirán de mi acuerdo o importe de la sentencia sobre una base pro rata entre todos los otros demandantes. Entiendo que Outten & Golden LLP harán una petición a la Corte para conceder honorarios para los abogados de cualquier acuerdo o resolución en el importe mayor de: (1) su cantidad "guía", calculados por multiplicación de las tarifas por hora razonables por el número de horas usadas en la demanda, o (2) treinta y tres por ciento (33%) de la liquidación bruta o importe de la sentencia.

_____          07/30/10
Firma                                     _____
                                          Fecha

ARTURO REYES
_____
Nombre en Letra de Molde

REDACTED

LONG ISLAND CITY, NY. 11101
_____
Ciudad, Estado y Zip Código Postal

## CONSENT FORM / FORMULARIO DE CONSENTIMIENTO

I consent to be a party plaintiff in a lawsuit against Chris Cannon, Alto restaurant, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I authorize Outten & Golden LLP to represent me. I also consent to be a party plaintiff in any similar action against Chris Cannon, Alto restaurant, and/or related entities and individuals.

By signing and returning this consent form, I designate Outten & Golden LLP to represent me and make litigation decisions on my behalf. I understand that reasonable costs expended by Outten & Golden LLP on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that Outten & Golden LLP will petition the Court to award them attorneys' fees from any settlement or judgment in the amount of the greater of: (1) their "lodestar" amount, calculated by multiplying their reasonable hourly rates by the number of hours expended on the lawsuit, or (2) thirty-three percent (33%) of the gross settlement or judgment amount.

*(Spanish translation)*

Doy mi consentimiento para ser parte de una demanda en un juicio contra Chris Cannon, Alto restaurant, y/o entidades o individuos relacionados con el fin de obtener reparación por las violaciones de la Ley de Normas Razonables del Trabajo (*Ley de las Normas Laborales Justas*), de conformidad con 29 USC § 216 (b). Le doy autorización a Outten & Golden LLP para que me representen. Yo también doy mi consentimiento para ser parte demandante en cualquier acción similar contra Chris Cannon, Alto restaurant, y/o entidades o individuos relacionados.

Al firmar y devolver este formulario de consentimiento, yo designo Outten & Golden LLP y para representarme y tomar decisiones de litigios en mi nombre. Entiendo que los costos razonables desembolsados por Outten & Golden LLP en mi favor se deducirán de mi acuerdo o importe de la sentencia sobre una base pro rata entre todos los otros demandantes. Entiendo que Outten & Golden LLP harán una petición a la Corte para conceder honorarios para los abogados de cualquier acuerdo o resolución en el importe mayor de: (1) su cantidad "guía", calculados por multiplicación de las tarifas por hora razonables por el número de horas usadas en la demanda, o (2) treinta y tres por ciento (33%) de la liquidación bruta o importe de la sentencia.

_____        08 / 02 / 10
Firma                                   Fecha

Daniel Merino
_____
Nombre en Letra de Molde                Corona N.y

_____        REDACTED    11368
Dirección                               Ciudad, Estado y Zip Código Postal

## CONSENT FORM / FORMULARIO DE CONSENTIMIENTO

I consent to be a party plaintiff in a lawsuit against Chris Cannon, Alto restaurant, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).  I authorize Outten & Golden LLP to represent me.  I also consent to be a party plaintiff in any similar action against Chris Cannon, Alto restaurant, and/or related entities and individuals.

By signing and returning this consent form, I designate Outten & Golden LLP to represent me and make litigation decisions on my behalf.  I understand that reasonable costs expended by Outten & Golden LLP on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs.  I understand that Outten & Golden LLP will petition the Court to award them attorneys' fees from any settlement or judgment in the amount of the greater of: (1) their "lodestar" amount, calculated by multiplying their reasonable hourly rates by the number of hours expended on the lawsuit, or (2) thirty-three percent (33%) of the gross settlement or judgment amount.

*(Spanish translation)*

Doy mi consentimiento para ser parte de una demanda en un juicio contra Chris Cannon, Alto restaurant, y/o entidades o individuos relacionados con el fin de obtener reparación por las violaciones de la Ley de Normas Razonables del Trabajo (*Ley de las Normas Laborales Justas*), de conformidad con 29 USC § 216 (b). Le doy autorización a Outten & Golden LLP para que me representen. Yo también doy mi consentimiento para ser parte demandante en cualquier acción similar contra Chris Cannon, Alto restaurant, y/o entidades o individuos relacionados.

Al firmar y devolver este formulario de consentimiento, yo designo Outten & Golden LLP y para representarme y tomar decisiones de litigios en mi nombre. Entiendo que los costos razonables desembolsados por Outten & Golden LLP en mi favor se deducirán de mi acuerdo o importe de la sentencia sobre una base pro rata entre todos los otros demandantes. Entiendo que Outten & Golden LLP harán una petición a la Corte para conceder honorarios para los abogados de cualquier acuerdo o resolución en el importe mayor de: (1) su cantidad "guía", calculados por multiplicación de las tarifas por hora razonables por el número de horas usadas en la demanda, o (2) treinta y tres por ciento (33%) de la liquidación bruta o importe de la sentencia.

Firma                                                    Fecha   07. 30. 10.

Jose G. Arenas
Nombre en Letra de Molde

REDACTED

CORONA.  11368  NY
Ciudad, Estado y Zip Código Postal