UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARTURO REYES, DANIEL MERINO, and JOSE
ARENAS, on behalf of themselves and all others
similarly situated,

                Plaintiffs,

    -against-

ALTAMAREA GROUP, LLC, ALTO 53, LLC d/b/a
ALTO, and CHRIS CANNON,

                Defendants.

---

10-cv-6451 (RMB)(RLE)

 

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS
THE FIRST AMENDED CLASS ACTION COMPLAINT**

 

Meister Seelig & Fein LLP
Two Grand Central Tower
140 East 45th Street, 19th Floor
New York, New York 10017
(212) 655-3500
*Attorneys for Defendants*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

PROCEDURAL HISTORY ................................................................................................... 2

THE AMENDED COMPLAINT .......................................................................................... 3

ARGUMENT .......................................................................................................................... 4

I.   Plaintiffs Fail to Plead a Claim for Minimum Wage Under the FLSA ............... 5

II.  Plaintiffs NYLL Claims Are Not Adequately Plead ............................................. 8

III. Plaintiffs Have Not Adequately Plead Altamarea Is Plaintiffs' Employer
     and Therefore Altamarea Must Be Dismissed as a Defendant ............................ 9

     A.   Under the FLSA, Plaintiffs Must Plead Elements of the Economic
          Reality Test to Appropriately Allege Altamarea Is an Employer,
          yet Fail to Plead a Single Element ................................................................ 9

     B.   Altamarea Should Not Be Presumed to Be the Employer
          of Alto's Employees ..................................................................................... 13

CONCLUSION ..................................................................................................................... 14

# TABLE OF AUTHORITIES

## Cases Cited

*Acosta v. The Yale Club of N.Y.C.*,
　No. 94 CIV 0888 (KTD), 1995 WL 600873 (S.D.N.Y. Oct. 12, 1995) ............................. 7

*Ashcroft v. Iqbal*,
　129 S.Ct. 1937 (2009) ............................................................................................... 4, 5

*Bailey v. Border Foods, Inc.*,
　Civil No. 09-1230 (RHK/AJB), 2009 WL 3248305 (D. Minn. Oct. 6, 2009) .................. 5

*Balut v. Loral Elec. Sys.*,
　988 F. Supp. 339 (S.D.N.Y. 1997), *aff'd*, 166 F.3d 1199 (2d Cir. 1998) ...................... 13

*Bell Atlantic Corp. v. Twombly*,
　550 U.S. 544 (2007) ................................................................................................ 4, 12

*Bravo v. Eastpoint Int'l, Inc.*,
　No. 99 Civ. 9474 (WK), 2001 WL 314622 (S.D.N.Y. Mar. 30, 2001) ........................... 10

*Cannon v. Douglas Elliman, LLC*,
　No. 06 Civ. 7092 (NRB), 2007 WL 4358456 (S.D.N.Y. Dec. 10, 2007) .................. 10, 11

*Carter v. Dutchess Cmty. Coll.*,
　735 F.2d 8 (2d Cir. 1984) .............................................................................................. 10

*Diaz v. Consortium for Worker Educ.*,
　No. 10 Civ. 01848 (LAP), 2010 WL 3910280 (S.D.N.Y. Sept. 28, 2010) ...................... 11

*Fraiser v. Gen. Elec. Co.*,
　930 F.2d 1004 (2d Cir. 1991) ......................................................................................... 4

*Franks v. MKM Oil, Inc.*,
　No. 10 C 13, 2010 WL 3613983 (N.D. Ill. Sept. 8, 2010) .............................................. 6

*Goldberg v. Whitaker House Coop., Inc.*,
　366 U.S. 28, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961) .......................................................... 9

*Harding v. Time Warner, Inc.*,
　No. 09 cv 1212-WQH-WMC, 2009 WL 2575898 (S.D. Cal. Aug. 18, 2009) ................ 6

*Herman v. RSR Sec. Servs.*,
　172 F.3d 132 (2d Cir. 1999) ..................................................................................... 9, 10

4181-007 Doc#215

*Johnson v. A.P. Prods., Ltd.*,
    934 F. Supp. 625 (S.D.N.Y. Aug. 6, 1996) ........................................................................10

*Jones v. Casey's Gen. Stores*,
    538 F. Supp. 2d 1094 (S.D. Iowa 2008) .............................................................................6

*Joza v. WW JFK LLC*,
    No. 07-CV-4153 (ENV)(JO), 2010 WL 3619551 (E.D.N.Y. Sept. 10, 2010) ....................8

*Leber v. Berkley Vacation Resorts, Inc.*,
    No. 2:08-CV-01752-PMP-PAL, 2009 WL 2252517 (D. Nev. July 27, 2009) .................10

*Lopez v. Silverman*,
    14 F. Supp. 2d 405 (S.D.N.Y. 1998) .................................................................................11

*Mell v. GNC Corp.*,
    Civil Action No. 10-945, 2010 WL 4668966 (W.D. Pa. Nov. 9, 2010) .............................8

*Mendez v. Timberwood Carpentry & Restoration*,
    Civil Action No. H-09-490, 2009 WL 4825220 (S.D. Tex. Dec. 9, 2009) .......................12

*Pruell v. Caritas Christi*,
    Civil Action No. 09-11466-GAO, 2010 WL 3789318 (D. Mass. Sept. 27, 2010) ..............6

*Reyes v. Buddha-Bar NYC*,
    No. 08-CV-02494-DCF (S.D.N.Y.) ....................................................................................1

*Robles v. Argonaut Rest. & Diner, Inc.*,
    No. 05 CV 5553 (JSR), 2009 WL 3320858 (S.D.N.Y. Oct. 9, 2009) .................................8

*Snyder v. Advest, Inc.*,
    No. 06 CIV 1426 (RMB), 2008 WL 4571502 (S.D.N.Y. June 8, 2008) ..........................13

*Wass v. NPC Int'l, Inc.*,
    688 F. Supp. 2d 1282 (D. Kansas 2010) .........................................................................6, 7

*Xue Lian Lin v. Comprehensive Health Mgmt.*,
    No. 08 Civ. 6519 (PKC), 2009 WL 976835 (S.D.N.Y. Apr. 9, 2009) ..............9, 10, 11, 12

*Zhong v. August August Corp.*,
    498 F. Supp. 2d 625 (S.D.N.Y. 2007) ............................................................................6, 7

**Rules and Statutes Cited**

29 U.S.C. § 203(g) ..........................................................................................................................9

Fed. R. Civ. P. R. 12(b)(6) ..........................................................................................................1, 4

4181-007 Doc#215

Defendants Altamarea Group, LLC ("Altamarea"), Alto 53, LLC d/b/a Alto ("Alto"), and Chris Cannon (collectively, "Defendants") submit this memorandum of law in support of their motion to dismiss the First Amended Class Action Complaint[1] (the "Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Complaint, brought by Plaintiffs Arturo Reyes ("Reyes"),[2] Daniel Merino ("Merino"), and Jose Arenas ("Arenas") (collectively, "Plaintiffs"), fails to allege necessary facts concerning the purported claim for failure to pay minimum wage, alleged claim for misappropriated tips, alleged violations of spread-of-hours pay, and alleged failure to pay uniform costs. The Complaint also fails to adequately plead the claims against defendant Altamarea and Altamarea is not a proper defendant in this case. Accordingly, the Complaint should be dismissed in its entirety with prejudice.[3]

## PRELIMINARY STATEMENT

Plaintiffs have served a complaint rife with irrelevant statements and conclusory allegations. It is a "kitchen sink" pleading in which they throw together a hodgepodge of allegations, while neglecting to plead necessary, non-conclusory facts supporting their purported claims. When all of the irrelevant facts and conclusory statements are stripped away, the

---

[1] A copy of the First Amended Class Action Complaint is attached to the accompanying Declaration of Jeffrey A. Kimmel ("Kimmel Decl."), dated December 15, 2010, as Exhibit A.

[2] Mr. Reyes was previously a named plaintiff in a very similar wage and hour case against Buddha-Bar NYC, in which he was represented by the same law firm as herein. *See Reyes v. Buddha-Bar NYC*, No. 08-CV-02494-DCF (S.D.N.Y.).

[3] Plaintiffs were on notice regarding the deficiencies in their initial pleading from Defendants' pre-motion letter to the Court, yet while Plaintiffs filed an amended complaint, they failed to address several of Defendants' concerns, such as their improperly plead FLSA and NYLL claims. *See* Defendants' October 4, 2010 endorsed pre-motion letter, attached to the Kimmel Decl. as Exhibit B. Plaintiffs had a second bite of the apple – *i.e.*, they already amended their complaint – and should not be given a third. Accordingly, the Complaint should be dismissed with prejudice.

allegations fall flat and the Complaint boils down to little more than a form pleading that cannot survive a motion to dismiss.

## PROCEDURAL HISTORY

Plaintiffs filed their initial complaint on August 30, 2010 ("Initial Complaint").[4] On September 2, 2010, the Court ordered an initial pretrial conference to be held on October 18, 2010 (the "Conference").[5] Prior to the Conference, on September 27, 2010, Plaintiffs requested a pre-motion conference in anticipation of their motion for collective action notice pursuant to the Fair Labor Standards Act ("FLSA").[6] On October 4, 2010, Defendants requested a pre-motion conference in advance of their motion to dismiss the Initial Complaint.[7] On November 28, 2010 and October 4, 2010, respectively, the Court granted Plaintiffs' and Defendants' requests for pre-motion conferences and ordered that they take place at the October 18, 2010 Conference.[8]

The Conference went forward on October 18, 2010 and both parties' requests for leave to file motions were granted. The Court entered a case management plan, which, among other

---

[4] *See* the Initial Complaint, dated August 30, 2010, attached to the Kimmel Decl. as Exhibit C.

[5] *See* the Court's September 2, 2010 correspondence to the parties scheduling the initial pre-trial conference, attached to the Kimmel Decl. as Exhibit D.

[6] *See* Plaintiffs' endorsed September 27, 2010 pre-motion letter, attached to the accompanying Kimmel Decl. as Exhibit E.

[7] *See* Defendants' endorsed October 4, 2010 pre-motion letter, attached to the Kimmel Decl. as Exhibit B.

[8] *See* Plaintiffs' and Defendants' endorsed pre-motion letters, attached to the accompanying Kimmel Decl. as Exhibits E and B, respectively.

things, instructed Plaintiffs to amend their Initial Complaint by October 25, 2010.[9] The Court was clear at the Conference that this was Plaintiffs only chance to cure any deficiencies in their pleadings. The Court advised Plaintiffs that if Defendants' motion to dismiss were to succeed, it "would be with prejudice" and that if Defendants "have pointed out something to you that causes you to feel you can [im]prove your complaint, the time to do it is now."[10]

## THE AMENDED COMPLAINT

Plaintiffs allege four causes of action: (1) that Defendants failed to pay minimum wage pursuant to the FLSA, (2) that Defendants improperly withheld gratuities in violation of the New York Labor Law ("NYLL"), (3) that Defendants failed to pay an extra hour's pay for days in which Plaintiffs allegedly worked more than ten hours (spread-of-hours pay) in violation of the NYLL, and (4) that Defendants violated the NYLL's provisions regarding uniforms. The FLSA minimum wage claim is the claim based on federal law in this case.

According to the Complaint, Reyes has been employed by the Defendants as an Assistant (*i.e.*, a waiter) from approximately June 2009 through the present, Merino as a Busser from approximately November 2007 to the present, and Arenas as a Runner from approximately April 2005 to the present. Complaint ¶¶ 8, 12, 16.

The Complaint does not properly plead an FLSA claim at all because Plaintiffs, despite being on notice of the requirement to do so,[11] did not state the hours or the schedule that any of

---

[9]     *See* the Case Management Plan, dated October 18, 2010, attached to the Kimmel Decl. as Exhibit F.

[10]     *See* the October 18, 2010 Conference transcript at 2:9-2:20 (". . . [i]f you don't [amend] and they succeed, then the case is over"), attached to the Kimmel Decl. as Exhibit G.

[11]     Defendants clearly described this deficiency and cited applicable case law in their pre-motion letter to the Court dated October 4, 2010, yet in the amended Complaint that followed, Plaintiffs ignored this pleading requirement. *See* Complaint, attached to Kimmel Decl. as

the Plaintiffs worked or the amount owed, as required by applicable case law in this Circuit and others. As to the NYLL claims, the Plaintiffs fail to make anything more than conclusory allegations, which must be disregarded when considering whether a claim has been properly plead. Finally, Plaintiffs attempt to assert claims against Altamarea as an employer of Plaintiffs, yet fail to properly plead such claims. Altamarea does not own Alto, nor does it control the operations of Alto and Plaintiffs do not allege that it does. As such, even if, arguendo, the Complaint could survive this motion to dismiss, the claims against Altamarea must be dismissed.

## ARGUMENT

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). As a general matter, a court that is ruling on a Rule 12(b)(6) motion to dismiss "is required to accept the material facts alleged in the [complaint] as true." *Fraiser v. Gen. Elec. Co.*, 930 F.2d 1004, 1007 (2d Cir. 1991). Nevertheless, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Indeed, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" cannot support a complaint sufficient to withstand a Rule 12(b)(6) motion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

In the recent *Twombly* and *Iqbal* decisions, the Supreme Court set forth the "[t]wo working principles" courts must adhere to in judging a complaint's adequacy under Rule 12(b)(6): (1) "the tenet that a court must accept as true all of the allegations contained in a

---

Exhibit A; Defendants' October 4, 2010 endorsed pre-motion letter, attached to Kimmel Decl. as Exhibit B.

complaint is inapplicable to legal conclusions" and (2) "determining whether a complaint states a plausible claim for relief . . . [is a] context-specific task that requires the reviewing court to draw on its judicial experience and common sense . . . . Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not shown – that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949-50 (internal citations omitted). In keeping with these principles, a court considering a motion to dismiss first begins by identifying the allegations in the complaint that are not entitled to the assumption of truth (*i.e.*, all conclusory allegations). The court next considers the factual allegations to determine if they plausibly suggest an entitlement to relief. Plaintiffs must allege specific facts sufficient to nudge their claim across the line from conceivable to plausible. *See Iqbal*, 129 S.Ct. at 1952.

Here, when stripped of the conclusory allegations – which are not entitled to the assumption of truth – the Court is left with no factual, non-conclusory allegations with which to analyze Plaintiffs' FLSA and NYLL claims and is left with little more than random information not relevant towards Plaintiffs' claim that Altamarea is an appropriate defendant. Because Plaintiffs fail to state any claim upon which relief can be granted, their claims should be dismissed.

I. **Plaintiffs Fail to Plead a Claim for Minimum Wage Under the FLSA**

Plaintiffs fail to properly plead their FLSA claim for minimum wage. "To establish a violation of the minimum wage requirements of the FLSA, a plaintiff must demonstrate that he was engaged in a compensable activity within the meaning of the statute and that the wages received for that activity, if any, were below the statutory minimum wage." *Bailey v. Border Foods, Inc.*, Civil No. 09-1230 (RHK/AJB), 2009 WL 3248305, at *2 (D. Minn. Oct. 6, 2009).

Accordingly, to establish a viable FLSA claim for unpaid minimum wage, the complaint must "indicate the applicable rate of pay and the amount of unpaid minimum . . . wages due." *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 629 (S.D.N.Y. 2007) (stating that where a plaintiff alleged violations of the FLSA's minimum wage provisions, "the complaint should, at least approximately, allege the hours worked, for which . . . wages were not received"); *see also Franks v. MKM Oil, Inc.*, No. 10 C 13, 2010 WL 3613983 (N.D. Ill. Sept. 8, 2010) (dismissing plaintiff' minimum wage claim where she failed to allege what wage she actually earned); *Wass v. NPC Int'l, Inc.*, 688 F. Supp. 2d 1282, 1288-1290 (D. Kansas 2010) (finding plaintiffs did not sufficiently plead their minimum wage claim under *Twombly*); *Harding v. Time Warner, Inc.*, No. 09 cv 1212-WQH-WMC, 2009 WL 2575898, at *4 (S.D. Cal. Aug. 18, 2009) (dismissing, among other things, plaintiff's cause of action for failure to pay minimum wage); *Jones v. Casey's Gen. Stores*, 538 F. Supp. 2d 1094, 1102 (S.D. Iowa 2008) (noting an FLSA claim for minimum wage should at least state the hours worked). Moreover, plaintiffs are not excused of their pleading obligations simply because defendants may have access to the information. *See Pruell v. Caritas Christi*, Civil Action No. 09-11466-GAO, 2010 WL 3789318, *6-11 (D. Mass. Sept. 27, 2010) (holding plaintiffs failed to state a minimum wage claim because "they have failed to allege facts, namely their approximate weekly wages and hours worked, that would nudge their minimum wage claim over the line from speculative to plausible").

Plaintiffs minimum wage claim is insufficiently plead because nowhere in Plaintiffs' Complaint do they allege the minimum wage they believe should apply to them over the relevant period. Plaintiffs likewise fail to allege how much they were paid or how much they believe they should have been paid. All that Plaintiffs, in fact, plead is that "Defendants unlawfully took advantage of the FLSA's tip credit provision and failed to pay [Plaintiffs] at the proper minimum

wage rate for the hours that [they were] suffered or permitted to work each workweek". Complaint ¶¶ 97, 102, 107. The Complaint does not indicate how much of a tip credit was allegedly taken, or what the applicable rates should have been over the period covered by the Complaint. "Simply stating that [a plaintiff] w[as] not paid [properly] does not sufficiently allege a violation of [the FLSA]." *Zhong*, 498 F. Supp. 2d at 630 (dismissing an overtime claim under the FLSA where Plaintiff "merely alleged" that he worked "beyond 40 hours per week"), *quoting Acosta v. The Yale Club of N.Y.C.*, No. 94 CIV 0888 (KTD), 1995 WL 600873, at *4 (S.D.N.Y. Oct. 12, 1995) (dismissing an FLSA overtime claim where waiters did not offer examples of situations when management employed them for more than 40 hours a week without paying overtime).

Indeed, such a conclusory allegation does not pass muster under *Twombly* and more detailed allegations have not survived a motion to dismiss where particular amounts are not plead. For example, in *Wass*, the court found that plaintiffs (who plead far more details than the Plaintiffs plead here) had not alleged enough "to support a plausible claim for a[n FLSA] violation" where the plaintiffs, who were pizza delivery drivers, plead: (1) the applicable state and federal minimum wage; (2) that plaintiffs were "paid approximately the applicable federal or state minimum wage;" (3) that plaintiffs incurred various vehicle and other job-related expenses, of which they gave examples; (4) that plaintiffs were paid "a set amount for each delivery as a partial reimbursement for automobile expenses;" (5) that such payments did not adequately reimburse plaintiffs for their expenses; and (6) that the insufficient expense reimbursement deprived plaintiffs of the minimum wage. *Wass*, 688 F. Supp. 2d. at 1288. The *Wass* court held that despite these allegations, the plaintiffs had "not pleaded any facts," such as particular

amounts, and had only made conclusory allegations. As such the *Wass* plaintiffs failed to "provide[] facts from which a plausible claim may be inferred." *Id.*

Rather than alleging facts to support their FLSA claims, Plaintiffs here likewise put forth a conclusory allegation – *i.e.*, that a tip credit was improperly applied to their wages and they were not paid the proper minimum wage. Complaint ¶¶ 97, 102, 107. This bare pleading does not come close to sufficing under *Twombly*.

## II.     Plaintiffs NYLL Claims Are Not Adequately Plead

Plaintiffs' NYLL claims are likewise not adequately plead. Plaintiffs assert three claims under the NYLL for (1) misappropriated tips, (2) spread-of-hours pay, and (3) uniform-related expenses. The NYLL tracks the FLSA in its framework. *See, e.g., Joza v. WW JFK LLC*, No. 07-CV-4153 (ENV)(JO), 2010 WL 3619551, at *6 (E.D.N.Y. Sept. 10, 2010) (explaining "[b]y rule, New York intends to follow, in close pursuit, the FLSA framework"); *Robles v. Argonaut Rest. & Diner, Inc.*, No. 05 CV 5553 (JSR), 2009 WL 3320858, at *4 (S.D.N.Y. Oct. 9, 2009) ("the standards under the New York Labor Law are the same as under the FLSA"). Like the FLSA claim, Plaintiffs must plead facts sufficient to put Defendants on notice as to what amount they are claiming they were not paid. As with the FLSA claim, Plaintiffs fail to explain how much they were paid and what they should have been paid in tips nor do they assert how many days their work hours were spread over ten and how much, if any, spread-of-hours pay they are claiming to be entitled to. Plaintiffs likewise make conclusory allegations that they were made to purchase uniforms without explaining when and for how much, and that Defendants failed to compensate them for uniform maintenance, without pleading to what they believe they are entitled. Indeed, Plaintiffs provide no information, specific or otherwise, on any of these claims. *See, e.g., Mell v. GNC Corp.*, Civil Action No. 10-945, 2010 WL 4668966, at *7 (W.D. Pa. Nov.

9, 2010) (dismissing a complaint because the plaintiffs had "failed to provide any factual allegations to support [their wage and hour] claim" because, among other things, they provided no information on who advised them of the alleged unlawful policies, they provided no information on how many hours they worked without being paid, and provided no facts about the timekeeping practices of defendant). Accordingly, Plaintiffs' NYLL claims must be dismissed.[12]

### III. Plaintiffs Have Not Adequately Plead Altamarea Is Plaintiffs' Employer and Therefore Altamarea Must Be Dismissed as a Defendant

The existence of an employer-employee relationship is imperative to each and every one of Plaintiffs' claims. *See Xue Lian Lin v. Comprehensive Health Mgmt.*, No. 08 Civ. 6519 (PKC), 2009 WL 976835, at *2 (S.D.N.Y. Apr. 9, 2009) (noting that both the FLSA and NYLL employ similar standards with respect to employment status). Plaintiffs, however, fail to sufficiently plead an employer employee relationship between Plaintiffs and Altamarea, and, accordingly, Altamarea must be dismissed as a defendant.

#### A. Under the FLSA, Plaintiffs Must Plead Elements of the Economic Reality Test to Appropriately Allege Altamarea Is an Employer, yet Fail to Plead a Single Element

Under the FLSA, an entity "employs" an individual if it "suffer[s] or permit[s]" that individual to work. 29 U.S.C. § 203(g). Pursuant to the FLSA, "the overarching concern is whether the alleged employer possessed the power to control the workers in question . . . with an eye to the 'economic reality' presented by the facts of each case." *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. 1999), quoting *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961). And where, as here, a plaintiff pleads that more than one of the defendants is the plaintiff's employer, the plaintiff must allege facts sufficient to show

---

[12] Even if Plaintiffs had properly plead their NYLL claims, which they did not, because their sole federal claim under the FLSA fails to state a claim, the Court should decline to exercise its supplemental jurisdiction over Plaintiffs' state law claims.

that each defendant "possessed the power to control the workers in question" as employers. *Herman v. RSR Sec. Servs. Ltd.*, 172 F. 3d 132, 139 (2d Cir. 1999); *see also Xue Lian Lin*, 2009 WL 976835, at *2; *Cannon v. Douglas Elliman, LLC*, No. 06 Civ. 7092 (NRB), 2007 WL 4358456, at *5 (S.D.N.Y. Dec. 10, 2007) (dismissing FLSA and NYLL claims and holding that "beyond reciting the elements of a joint employer arrangement, plaintiffs have not shown that [the alleged employer] did, in fact, play a role in supervising plaintiffs' work."). Mere conclusory assertions are insufficient. *See, e.g.*, *Bravo v. Eastpoint Int'l, Inc.*, No. 99 Civ. 9474 (WK), 2001 WL 314622, at *2 (S.D.N.Y. Mar. 30, 2001) (granting motion to dismiss because plaintiffs' allegations that an individual defendant was "the principle [sic] owner" of corporate defendant would not "tend to establish her power to control the plaintiff workers"); *Johnson v. A.P. Prods., Ltd.*, 934 F. Supp. 625, 629 (S.D.N.Y. Aug. 6, 1996) (granting motion to dismiss because plaintiff failed to allege that defendant had "substantial control over the aspect of employment alleged to have been violated"); *Leber v. Berkley Vacation Resorts, Inc.*, No. 2:08-CV-01752-PMP-PAL, 2009 WL 2252517 (D. Nev. July 27, 2009) (granting motion to dismiss FLSA claim where complaint's allegations concerning the defendant's status as an employer were conclusory).

"To determine whether joint employer status is present [under the FLSA and NYLL], courts have developed the 'economic realities test.'" *Cannon*, 2007 WL 4358456, at *4. While not exclusive, the "economic realities test" generally considers four relevant factors: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled the employee work schedules or schedules of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Herman*, 172 F.3d at 139 (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984). This same analysis

applies to claims brought under the NYLL. *See Xue Lian Lin*, 2009 WL 976835, at *2 (dismissing FLSA and NYLL claims for failure to sufficiently allege that defendant was plaintiff's employer); *see also Cannon*, 2007 WL 4358456, at *4 (same). "The goal of the economic-realities test 'is to determine whether the employees in question are economically dependent upon the putative employer.'" *Lopez v. Silverman*, 14 F. Supp. 2d 405, 414 (S.D.N.Y. 1998) (internal citations omitted).

The Complaint, however, is glaringly devoid of *any* of the elements of the economic reality test and does not assert any factual allegations that even suggest, much less allege, that Altamarea was able to control the workers in question or that the workers in question were economically dependent on Altamarea. In fact, Plaintiffs assert *no facts* that Altamarea was able to hire and fire Plaintiffs, controlled Plaintiffs' work schedules or employment conditions, determined their rate and method of pay, or maintained employment records.[13] They do not plead these elements beyond conclusory allegations because no facts exists to support Plaintiffs' conclusory allegations.

Instead of pleading facts sufficient to satisfy the economic reality test required by the FLSA, seemingly in an attempt to draw attention away from the fact that they are unable to meet these requirements, the Complaint is rife with irrelevant assertions. For example, the Plaintiffs' resort to alleging that: (1) Defendants are represented by the same attorneys in this case; (2) that restaurants under the alleged Altamarea "corporate umbrella" can be found on the same

---

[13]   In *Diaz v. Consortium for Worker Educ.*, No. 10 Civ. 01848 (LAP), 2010 WL 3910280, at *4 (S.D.N.Y. Sept. 28, 2010), the Court dismissed claims against defendant Consortium for Worker Education ("CWE") because the complaint stated "no facts indicat[ing] that CWE had any direct role in managing the plaintiffs, hiring or firing the plaintiffs, determining their working hours, or maintaining employment records."

website;[14] and (3) that some of these restaurants share some of the same employees (not any of the workers or class of workers at issue) (*see, e.g.*, Complaint ¶¶ 23-25, 27, 38-40). These allegations have nothing to do with Altamarea's ability to control the workers in question. Additionally, Plaintiffs simply lump all Defendants together to reach the legal conclusion that they are "employers" by making the following unsupported conclusory assertions:

> Each Defendant has substantial control over the aspects of labor relations, Plaintiffs working conditions, and the unlawful policies and practices alleged herein at times relevant to this law suit. Complaint ¶ 20.
>
> Defendants have been Plaintiffs' employers and/or joint employers within the meaning of the FLSA and the NYLL. Complaint ¶ 21

This type of conclusory pleading clearly does not pass muster under *Iqbal* and *Twombly* and cannot pass muster here.[15] Indeed, Plaintiffs' reliance on conclusory allegations does nothing to "nudge [their] claims across the line from conceivable to plausible" or raise their "right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. Because Plaintiffs have not plead facts to adequately assert Altamarea is an employer for purposes of the FLSA and NYLL,

---

[14]   In *Mendez v. Timberwood Carpentry & Restoration*, Civil Action No. H-09-490, 2009 WL 4825220 (S.D. Tex. Dec. 9, 2009), the court found that defendant Global Restoration Group did not exercise sufficient control to be plaintiff's employer under the FLSA and that "plaintiff's reference to Global Restoration Group's website is irrelevant and has no bearing on its 'employer' status."

[15]   In *Xue Lian Lin v. Comprehensive Health Mgmt., Inc.*, No. 08 Civ. 6519 (PKC), 2009 WL 976835, at *1 (S.D.N.Y. Apr. 9, 2009), the Southern District found similar allegations unpersuasive to nudge a complaint past a motion to dismiss. Employees of Comprehensive Health Management, Inc. ("CMHI") sued CMHI as well as various individual employees of CHMI, all as "employers" pursuant to the FLSA. *Id.* The court noted the complaint did not sufficiently allege the degree of control by each individual defendant over the "plaintiffs' hours, wages, or other terms and conditions of employment" to characterize them as "employers" pursuant to the FLSA. *Id.* at *2. The court found, among other things, that allegations such as "Defendants employed Plaintiffs within the meaning of the FLSA" were "inadequate to state a claim because [it is] a legal conclusion." *Id.*

including the glaring failure to plead facts to establish Altamarea's "control" over the employees in question, the claims against Altamarea must be dismissed.

### B. Altamarea Cannot Be Presumed to Be the Employer of Alto's Employees

Plaintiffs repeatedly allege that Altamarea is the "corporate umbrella" of Alto and several other restaurants (*see* Complaint ¶¶ 3, 23, 35). However, the term "corporate umbrella" has no legal significance.[16] Even if Plaintiffs' allegation was true, it is simply insufficient to overcome the strong presumption that legally distinct companies, such as a parent company, are not the employers of other companies' employees. *See Snyder v. Advest, Inc.*, No. 06 CIV 1426 (RMB), 2008 WL 4571502, at *6 (S.D.N.Y. June 8, 2008) *citing Balut v. Loral Elec. Sys.*, 988 F. Supp. 339, 344 (S.D.N.Y. 1997), *aff'd*, 166 F.3d 1199 (2d Cir. 1998) (citation omitted). Corporations are, in fact, legally allowed to organize in ways that isolate liability among separate entities. *Balut*, 988 F. Supp at 344. It is only under "extraordinary circumstances" that a parent is liable for the acts of its subsidiaries under the doctrine of limited liability. *Id.* (internal citations omitted). Plaintiffs fail to allege any facts sufficient to find the "extraordinary circumstances" necessary to find that Altamarea is the employer of Alto's employees, much less the Plaintiffs in this case. Accordingly, Plaintiffs fail to state a claim against Altamarea because Plaintiffs do not, and cannot, allege that Altamarea is their employer.[17]

---

[16] For the record, Altamarea does not hold, and has never held, an ownership interest in Alto, and does not operate Alto.

[17] While Defendants' believe Plaintiffs' claims should be dismissed in their entirety, should they survive in part or whole, they should not go forward against Altamarea.

## **CONCLUSION**

For all the reasons set forth above, the Court should dismiss Plaintiffs' Complaint in its entirety with prejudice and award Defendants such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        December 15, 2010

MEISTER SEELIG & FEIN LLP

By: /s/ Jeffrey A. Kimmel

Jeffrey A Kimmel
jak@msf-law.com
Alyson C. Bruns
acb@msf-law.com
Two Grand Central Tower
140 East 45th Street, 19th Floor
New York, New York 10017
Telephone: 212-655-3500
Facsimile: 212-655-3535